UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

RICHARD BONETT

    Plaintiff,

v.

MOLINA HEALTHCARE OF
SOUTH FLORIDA, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, RICHARD BONETT (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, MOLINA HEALTHCARE OF SOUTH FLORIDA, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), and the Family Medical Leave Act, as amended 29 U.S.C. §2601, et. seq. (hereafter "FMLA") to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment against Plaintiff and Defendant's interference with Plaintiff's FMLA.

### PARTIES

2. Plaintiff, RICHARD BONETT, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, MOLINA HEALTHCARE OF SOUTH FLORIDA, INC., is a Florida Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

10. At all times material herein, Defendant was an employer covered by the FMLA because they were engaged in commerce or in an industry affected commerce and employed 50 or more employees for each working day during each of twenty (20) or more calendar workweeks.

11. Plaintiff worked at a location where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

12. Plaintiff was an employee entitled to leave under FMLA, based on the fact that he was employed by Defendant for at least twelve (12) months and worked at least 1,250 hours during the relevant twelve (12) month prior period to him seeking to his 115000rights to FMLA leave.

## JURISDICTION AND VENUE

13. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

14. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

15. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

16. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

17. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

18. On or about September 13, 2010, Plaintiff became employed by Defendant as a lead representative/ member services representative. Plaintiff's duties included operating phone calls and reports to drive member retention and growth regarding health insurance plans.

19. On or about 2010, Plaintiff was diagnosed with an overactive bladder.

20. On or about 2011, after being involved in a car accident, portions of Plaintiff's small and large intestines were removed.

21. On or about 2014, Plaintiff was diagnosed with irritable bowel syndrome ("IBS").

22. On or about 2014, Plaintiff was also diagnosed with insomnia.

23. During his employment with Defendant, suffered from irritable bowel syndrome ("IBS"), an overactive bladder, insomnia, and had portions of his small and large intestines missing.

24. Plaintiff notified his supervisor of all his medical conditions as they were diagnosed.

25. Plaintiff has several disabilities within the meaning of 42 U.S.C. §12102. Plaintiff medical condition substantially limits one or more major life activities, including his ability to sleep, urinate, and defecate.

26. As a result of Plaintiff's medical conditions, he takes medications which cause him to feel disoriented at times.

27. As a result of Plaintiff's medical conditions, he must use the bathroom frequently.

28. In 2015, Plaintiff requested FMLA due to his medical issues with both his intestines, an overactive bladder, IBS, and insomnia.

29. Plaintiff's FMLA allows him to take bathroom breaks every hour and allowance to call out sick.

30. Defendant has consistently given Plaintiff resistance with regards to his FMLA, stating that he is not allowed intermittent bathroom breaks.

31. Defendant tried to deduct Plaintiff's breaks from his salary.

32. On or about August 30, 2019, Plaintiff was accused by his supervisor, Marlene Torres, of call avoidance due to Plaintiff's use of "wrap-up."

33. On or about September 30, 2019, Plaintiff emailed Human Resources and his directors, Marlene Torres and Janine Dreyfus, asking for guidance on his "warp-up" usage.

34. Defendant did not respond to Plaintiff's email.

35. On or about October 3, 2019, Plaintiff was given a "Final Warning" due to call avoidance.

36. Plaintiff did not avoid calls. Plaintiff exercised his rights to use the bathroom given by his FMLA certification.

37. Despite Plaintiff's frequent use of the restroom, Plaintiff had never received any warnings regarding call avoidance or that he was not meeting his goals.

38. A month prior to the accusation, Plaintiff was reviewed by Defendant and was told that he exceeded all his metrics.

39. As a result of Plaintiff receiving the wrongful disciplinary action notice, Plaintiff did not receive his Merit salary increase.

40. Plaintiff was under medical treatment and medication that caused him to go to the restroom regularly.

41. Plaintiff is qualified for his position as a lead representative/member services. Plaintiff has worked for Defendant since September 13, 2010.

42. Plaintiff's medical condition does not affect his performance as a lead representative/member services.

43. Plaintiff was able to perform the essential functions of lead representative/member services with reasonable accommodations.

44. Defendant resists providing Plaintiff with reasonable accommodations and have given him disciplinary warnings as a result, causing him not to receive his Merit salary increase.

45. On or about October 22, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

46. On or about November 12, 2020 the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

47. As a result of Defendant's disability-based discriminatory treatment against Plaintiff and Defendant's interference with Plaintiff's FMLA., Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

48. Plaintiff re-alleges and re-affirms Paragraphs 1-47 as is it is fully set forth herein.

49. Plaintiff is a member of a protected class under the ADA.

50. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

51. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

59. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

60. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.
61. Defendant is a covered employer to which the ADA applies.
62. Defendant disqualified Plaintiff from a compensation increase because of Plaintiff's disability.
63. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable him to be employed by Defendant, as required under the ADA.
64. Defendant's disqualification of Plaintiff compensation increase on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.
65. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;
b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

66. Plaintiff re-alleges and re-affirms Paragraphs 1-47 as is it is fully set forth herein.

67. Plaintiff is a member of a protected class under the FCRA.

68. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

69. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

70. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

71. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

72. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

73. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

74. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

75. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

76. Defendant disqualified Plaintiff from a compensation increase because of Plaintiff's disability.

77. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FMLA INTERFERENCE

78. Plaintiff reincorporates and realleges all allegations contained within paragraphs 1-47 as fully alleged herein.

79. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work or regularly use the bathroom under his FMLA.

80. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work regularly use the bathroom, violated the FMLA.

81. 29 U.S.C. §2612, et. seq. states in relevant part:

> (a)(1)(A)*"an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period because of the birth of a son or daughter and in order to care for such son or daughter.*

82. At all times relevant hereto, Plaintiff was entitled to FMLA.

83. Plaintiff was entitled to FMLA because of his various medical conditions.

84. Defendant interfered with the exercise of Plaintiff's right bathroom breaks because Defendant tried to deduct his breaks from his salary and denied Plaintiff a compensation increase.

85. Defendant interfered with the exercise of Plaintiff's FMLA rights because Defendant disqualified Plaintiff's from a compensation increase as a result of Plaintiff exercising his rights under the FMLA.

86. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to regularly use the bathroom.

87. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

88. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FMLA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street

Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223